IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jane DOE, a minor, John Doe, individually and as father and next friend of Jane Doe, and Janet Doe, individually and as mother and next friend of Jane Doe,<br><br>    Plaintiffs,<br>v.<br><br>EVERGREEN PARK ELEMENTARY SCHOOL DISTRICT 124; CENTRAL MIDDLE SCHOOL; ROBERT MACHAK, individually and as superintendent of schools; RITA SPARKS, individually and as principal of Central Middle School; TRAYON SALLIS, individually and as assistant principal of Central Middle School; PAOLA POLASEK, individually and as a teacher at Central Middle School;<br><br>    Defendants. | Case No. 1:17-cv-3774 |

## COMPLAINT

  NOW COMES, Jane Doe ("Plaintiff") by and through her parents, John and Janet Doe; her attorneys, Nixon Peabody, LLP, and as and for her Complaint against Evergreen Park Elementary School District 124 ("the District"), Central Middle School ("the School"), Robert Machak, individually and as superintendent of schools, Rita Sparks, individually and as principal of Central Middle School, Trayvon Sallis, individually and as Assistant Principal of Central Middle School, Paola Polasek, individually and as a teacher at Central Middle School (together "Defendants"), states as follows:

4847-3001-6062.3

## PARTIES

1. Plaintiff, a minor, and her parents, John and Janet Doe, are residents of Evergreen Park, Illinois which is located within this judicial district.

2. Plaintiff is a 13-year-old girl, and at all relevant times, was a middle school student at Central Middle School, which is within Evergreen Park Elementary School District 124. Plaintiff resides within Evergreen Park with her parents.

3. Central Middle School is the only publicly funded middle school in the District and in Evergreen Park.

4. Defendant, Evergreen Park Elementary School District 124, is a public education school district and governmental entity created under the laws of the State of Illinois and located in the Village of Evergreen Park, Cook County, Illinois. It is engaged in the management and government of, among other schools, Central Middle School; it is responsible for the actions of its employees, for developing and implementing official policy for the district, for providing students with adequate educational opportunities, for protecting, watching, supervising its students, and for providing a safe environment for the students while attending school.

5. Defendant, Central Middle School, is a middle school, grades 6 through 8, located at 9400 S. Sawyer Avenue, Evergreen Park, Illinois 60805. It is within Evergreen Park Elementary School District 124. At all times relevant to this Complaint, said school provided education to residents of Evergreen Park in 6th through 8th grade, and in particular, Plaintiff.

6. Defendant, Robert Machak, is the superintendent of schools for Evergreen Park Elementary School District 124. On information and belief, Robert Machak resides in this Court's jurisdiction. He is being sued individually and in his official capacity as superintendent

of schools. At all times relevant to this Complaint, Mr. Machak acted under the color of state law and within the scope of his employment.

7. Defendant, Robert Machak, owes a duty of care to students in School District 124, including Plaintiff, which includes a duty to supervise, a duty to protect students from potential injury, harassment, bullying, and a duty to protect students from any conduct that has the purpose or effect of substantially interfering with a student's educational environment; creating an intimidating, hostile, or offensive educational environment; or depriving a student of educational aid, benefits, services, treatment.

8. Defendant, Rita Sparks, is the principal of Central Middle School. On information and belief, Rita Sparks resides in this Court's jurisdiction. She is being sued individually and in her official capacity as principal. At all times relevant to this Complaint, Ms. Sparks acted under the color of state law and within the scope of her employment.

9. Defendant, Rita Sparks, owes a duty of care to students in School District 124, including Plaintiff, which includes a duty to supervise, a duty to protect students from potential injury, harassment, bullying, and a duty to protect students from any conduct that has the purpose or effect of substantially interfering with a student's educational environment; creating an intimidating, hostile, or offensive educational environment; or depriving a student of educational aid, benefits, services, treatment.

10. Defendant, Trayon Sallis, is the assistant principal of Central Middle School. On information and belief, Trayon Sallis resides in this Court's jurisdiction. He is being sued individually and in his official capacity as vice principal. At all times relevant to this Complaint, Mr. Sallis acted under color of state law and within the scope of his employment.

11. Defendant, Trayon Sallis, owes a duty of care to students in School District 124, including Plaintiff, which includes a duty to supervise, a duty to protect students from potential injury, harassment, bullying, and a duty to protect students from any conduct that has the purpose or effect of substantially interfering with a student's educational environment; creating an intimidating, hostile, or offensive educational environment; or depriving a student of educational aid, benefits, services, treatment.

12. Defendant, Paola Polasek, is employed by the District as a teacher at Central Middle School. On information and belief, Robert Machak resides in this Court's jurisdiction. She is being sued individually and in her official capacity. At all times relevant to this Complaint, Polasek acted under the color of state law and within the scope of her employment.

13. Defendant, Paola Polasek, owes a duty of care to students in School District 124, including Plaintiff, which includes a duty to supervise, a duty to protect students from potential injury, harassment, bullying, and a duty to protect students from any conduct that has the purpose or effect of substantially interfering with a student's educational environment; creating an intimidating, hostile, or offensive educational environment; or depriving a student of educational aid, benefits, services, treatment.

## JURISDICTION

14. This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights) as the claims are based upon Title IX of the Educational Amendments of the Civil Rights Act and 42 U.S.C. §1983.

15. Supplemental jurisdiction over Plaintiff's pendent state law claims is invoked pursuant to 28 U.S.C. §1367, as the claims arise out of the same transactions and occurrences as Plaintiff's federal claims.

4847-3001-6062.3

16. Venue is proper in the U.S. District Court for the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) because all acts resulting in a violation of Plaintiff's rights occurred in this District.

## FACTUAL ALLEGATIONS

17. Plaintiff was enrolled in the seventh grade at the School for the 2016-2017 school year. Plaintiff was previously enrolled at the School in the 2015-2016 school year in the 6th Grade. She was bullied, physically and verbally assaulted, and sexually harassed, because she was a female student. She feared for her safety in the 2016, as well as the 2017, school year, and became severely emotionally distressed, and as a result of the School's and the Defendants' failure to provide a safe educational environment, was transferred into a private school in September of 2017.

18. Plaintiff's parents, the Does, are public school teachers who desired to have their daughter educated in a public school system in Evergreen Park. The Does are taxpayers and property owners in Evergreen Park, Cook County, Illinois.

19. As a result of the transfer, the parents of Plaintiff are forced to pay substantial tuition to her new school, which is not publicly financed.

20. That minor male student, James Roe, was also enrolled at the School in 2015-2016 and 2017, and he bullied, physically and verbally assaulted Plaintiff, and sexually harassed her because she is a female student. James Roe's conduct caused Plaintiff severe emotional distress, precipitating her transfer into a private school.

21. That James Roe had a documented history in the 2015-2016 school year of harassing, intimidating, physically assaulting, and inappropriately touching female classmates, including Plaintiff's friends.

5

22. That James Roe physically and verbally assaulted, sexually harassed and bullied Plaintiff and at least one of her close friends during the 2015-2016 school year.

23. Plaintiff was aware of James Roe's behavior toward other female students as well and in particular: that James Roe called Fridays "ass grab Fridays" and had the outrageous practice of groping at least one female classmate during school on those days; conduct that shocks the conscience of a reasonable person. Starting in the 2016 school year, at least one female student moved out of the school district prior to the start of seventh grade because James Roe sexually harassed and bullied her, and physically and verbally assaulted and touched her inappropriately.

24. Other parents have stated that they have plans to move from Evergreen Park because James Roe, who was bullying and physically assaulting and sexually harassing their daughters, will be in their child's class in 8th grade and high school.

25. Evergreen Park has only one public high school for which all students entitled to public education must attend.

26. On at least one occasion James Roe threatened to have his parents kill another student and her parents if the bullied, sexually harassed, female student reported his behavior.

27. That the School and the individual defendants were aware of James Roe's prior conduct and were aware that James Roe bullied, intimidated, sexually harassed, and inappropriately touched and physically assaulted female students. The School received numerous bullying complaints about James Roe prior to his bullying of Plaintiff.

28. The Defendants failed to take appropriate action to stop James Roe from his illegal conduct.

6

29. On August 23, 2016, James Roe pushed Plaintiff down a set of stairs during school, physically injuring her and making her fearful and worried for her safety. Plaintiff reported the incident to a teacher, defendant Polasek, who was at the scene, but the teacher did not discipline James Roe, brushed off the incident, and told Plaintiff to go to class. Plaintiff was severely emotionally distressed as a result of the incident.

30. On August 24, 2016, while Plaintiff was retrieving a forgotten item from her locker, James Roe was in the hall and intimidated her, blocked her path repeatedly, and then pushed her backwards, physically assaulting her and causing her extreme emotional distress. Plaintiff reported this incident to Ms. Polasek, a teacher she mistakenly trusted.

31. After the incident in the hallway, Plaintiff's father called the school and spoke to Assistant Principal Trayon Sallis and Ms. Polasek who both assured Mr. John Doe that his daughter would be made safe and comfortable at School.

32. In the 2015-2016 school year, Plaintiff was aware of bullying of another female student, a friend. She observed James Roe's conduct and was told by her friend that nothing was done to the bully, James Roe. No action was taken by the school against the bully, James Roe. Plaintiff's friend, who was bullied, remains afraid of James Roe.

33. On the same day as Mr. John Doe's conversation with Sallis and Polasek, the Does emailed the school administration and superintendent. The email addressed the concerns about the lack of consequences for the physical and verbal abuse of their daughter and the lack of investigation by the School that was mandated. The School had a written policy, documented and published on the District website specifically prohibiting the harassment of students on the basis of sex, requiring that any complaints be kept confidential, and providing for consequences

7

4847-3001-6062.3

for violations of the policy including suspension and expulsion. Section 7:20 of the District IASB Policy Reference Manual, found at http://www.d124.org/apps/pages/index.jsp?u REC_ID=454998&type=d&pREC_ID=952619.

34. The Does also proposed talking points for the next faculty meeting including: a discussion of the proper documentation of bullying events as well as a proposal that all teachers be made aware of those students with a track-record of bullying others and those students with a history of being bullied.

35. The Does were aware of the District's written policy on bullying at the time of James Roe's conduct, both are public school teachers in another school district.

36. The Does were also aware of the Illinois statute that mandates that schools have an enforcement policy against bullying and sexual harassment.

37. On August 25, 2016, Ms. Sparks, Principal of the School, responded to Plaintiff's parents, promised a conference with James Roe's parents, explained how incidents are reported by staff, and assuring them that staff monitors the hallways during all passing periods.

38. On August 25, 2016, Ms. Polasek called Mr. John Doe to apologize because as she was writing up her report on the incident alleging bullying physical abuse that Plaintiff reported to her, the report was recklessly broadcast to the class by Polasek for all students to see as she had negligently set her computer to broadcast mode. The screen was projected to the Plaintiff's classroom, and her fellow students were able to see all the details of the incident, as well as the names of students involved. Complaints for bullying and physical and verbal harassment are mandated by the School's own code to be kept confidential.

39. As a result of the broadcast, during lunch on August 25, 2016, Plaintiff was taunted, yelled at, harassed, and bullied by other students for getting James Roe into trouble. She

left the lunch room, ate lunch with a teacher, and called her father crying about the incident. The publication of her complaint to all her classmates caused her severe emotional distress, she couldn't eat or sleep, and could not be consoled.

40. According to school policy and state law, Plaintiff's complaint was not to be published. 105 ILCS 5/27-23.7(b); Section 7:20 of the District IASB Policy Reference Manual.

41. After an email exchange with Ms. Sparks, Mr. John Doe called Mr. Robert Machak, the superintendent. They discussed Mr. John Doe's concerns about timely reporting and lack of disciplinary action. Mr. Machak also indicated to Mr. John Doe that James Roe had been previously "on his radar."

42. At 3:15 p.m. on August 25, 2016, Mr. John Doe left his job early to pick up Plaintiff from School because she, the Plaintiff did not want to go to school that day, because she was extremely emotionally distressed and feared for her safety. Mrs. Janet Doe felt someone might retaliate against Plaintiff for her formal complaint.

43. That same afternoon Mr. John Doe met with school administrators. Mr. John Doe reiterated his concerns and frustrations about the lack of discipline for James Roe and the Defendant's failure to adhere to the School's and the State's written policy on bullying.

44. Late in the evening on August 25, 2016, a robo call went out to District 124 parents about a Central Middle School student who told his friends to stay away from School tomorrow because he was going to bring a gun to School the next day and "shoot up the School." Plaintiff feared the threat was directly related to her and intensified the fear for her safety.

45. On August 26, 2016, James Roe, who was not enrolled in a class came into Plaintiff's classroom unnoticed by the teacher and sat immediately behind Plaintiff, and began glaring at her. Plaintiff felt intimidated, threatened and scared. The teacher did not notice James

Roe until another student yelled "[James Roe], what are you doing in here?" The teacher yelled at James Roe, called a resource officer who also yelled at James Roe in the hall. A teacher was assigned to follow Plaintiff around the rest of the day for her safety. Plaintiff's emotional state became worse.

46. On August 29, 2016, Plaintiff went to school and was still being bullied and mocked by other students. She left school and skipped athletic practice.

47. On August 30, 2016, Plaintiff did not go to school for fear of being bullied, harassed and physically and verbally assaulted by James Roe and bullied by other students, particularly friends of James Roe. Her parents reluctantly decided to transfer Plaintiff to a private school. Plaintiff's parents were thereby forced to begin paying for tuition for the Plaintiff in a private school. The Does continue to pay tuition to a private school for their daughter's education.

## COUNT I

*VIOLATION OF TITLE IX OF EDUCATION AMENDMENTS OF 1972*
*(Against the District and the School)*

48. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

49. That Defendants acted under color of state law and with actual knowledge and deliberate indifference to physical, verbal and sexual harassment and discrimination suffered by Plaintiff in violation of her Title IX right to be free from discrimination.

50. That the District and the School are educational institutions which receive federal funds and are subject to Title IX private causes of action.

51. That the District and the School had adequate notice that they could be liable for the conduct at issue, as evidenced by State law and their own policies which prohibit the acts at issue herein.

52. That the acts of sexual harassment, verbal and physical assault, and bullying suffered by Plaintiff were severe, pervasive, and objectively offensive so that that would shock the conscience of a reasonable person.

53. The acts described were perpetrated upon Plaintiff because of her gender. James Roe had a history of harassing only female classmates. James Roe expressly stated that it was his intention to harass females by announcing that Fridays were "ass grab days." There is no indication that James Roe ever bullied a male classmate or inappropriately touched or sexually assaulted a male student.

54. That the District and the School knew, or should have known, of a pattern of behavior in which James Roe sexually harassed, physically and verbally assaulted, and bullied female students.

55. On information and belief, Defendants Machak, Sparks, Polasek, the School, and the District possessed decision-making authority concerning the procedures and conduct of investigations into and actions taken upon reports of physical abuse and physical, verbal and sexual harassment of female students.

56. That as a direct and proximate cause of the acts and/or omissions of Defendants, Plaintiff has been denied access to the educational opportunities and benefits provided by the District and the School for which she is entitled.

4847-3001-6062.3

57. That as a direct and proximate cause of the acts and/or omission of Defendants, Plaintiff suffered embarrassment, humiliation, fear of retaliation, intimidation, breach of trust, depression, physical and severe emotional pain and suffering.

58. As a result of the failure of Defendants to fulfill their duty, it has been necessary for Plaintiff to transfer to a private school to escape physical and verbal abuse and bullying and sexual harassment at School because there is no other public middle school in the district for her to attend. Plaintiff is entitled to an award for the cost of tuition, present and future, incurred as a result of Defendants' Title IX violation.

## COUNT II

*CIVIL RIGHTS VIOLATION 42 U.S.C. § 1983, SUBSTANTIVE DUE PROCESS*
*(Against All Defendants)*

59. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

60. That Plaintiff has a clearly established right to equal access to all benefits and privileges of a public education and a right to be free from said illegal practices and policies.

61. The actions of the Defendants, as described above and taken under color of state law, were arbitrary and capricious, and were not rationally related to any legitimate interest.

62. As a result of Defendants' actions, Plaintiff suffered a deprivation of her rights secured to her by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from Defendants.

63. The acts, conduct and behavior of each of the individual Defendants was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages.

64. It has been necessary for Plaintiff to transfer to a private school to escape bullying and physical and verbal assault at Central Middle School. Plaintiff is entitled to an award for the cost of tuition incurred violation for middle school, as a result of Defendants' §1983 violation.

## COUNT III

*CIVIL RIGHTS VIOLATION 42 U.S.C. § 1983, EQUAL PROTECTION*
*(Against All Defendants)*

65. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

66. The Defendants' actions and omissions as described above violated the Plaintiff's right to Equal Protection of the Laws secured to her by the Fourteenth Amendment to the Constitution of the United States because they were motivated in part by the sex and race of the Plaintiff or the sex and race of her abuser or both.

67. It was the custom or policy of the Defendant school district to respond with inaction where the alleged perpetrator of misconduct was a male student and the victims female students contrary to the Illinois School Code which embodies the state's interest in protecting all students from bullying.

68. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of her constitutional rights.

69. The acts, conduct, and omission of each of the individual Defendants was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages.

70. It has been necessary for Plaintiff to transfer to a private school to escape bullying, and physical and verbal abuse, and sexual harassment at Central Middle School.

4847-3001-6062.3

Plaintiff is entitled to an award for the cost of tuition incurred as a result of Defendants' §1983 violation. Plaintiff resides in the same school district as James Roe, and so she will have to attend the same public school as James Roe unless she attends a private school.

### COUNT IV

*NEGLIGENCE/GROSS NEGLIGENCE*
*(Against All Defendants)*

71. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

72. At all times material and relevant herein, the Defendant had a duty to provide a safe and appropriate education environment for Plaintiff and to provide reasonable supervision of students to maintain the safety of the school grounds.

73. Defendants breached their respective duties by failing to provide a safe and appropriate educational environment for Plaintiff and to maintain reasonable supervision of James Roe and to maintain the safety of the school grounds.

74. Defendants' failure to provide a safe and appropriate education environment for Plaintiff was the result of conduct so reckless as to demonstrate a substantial lack of concern or deliberate indifference for whether injury would result to Plaintiff. The School and the Defendants' conduct was so outrageous as to cause a reasonable person's conscience to be shocked.

75. That as a direct and proximate result of Defendants' breach of their duty and reckless and/or deliberate omissions, Plaintiff suffered physical and emotional injuries, mental suffering, deprivation of her liberty, and Plaintiff's parents incurred significant financial obligations in transferring the Plaintiff to a private school.

## COUNT V

*NEGLIGENT HIRING, TRAINING, & SUPERVISION*
*(Against the District, the School, Mr. Machak, Ms. Sparks, and Mr. Sallis)*

76. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

77. At all times relevant herein, the District and the School had a duty not to hire individuals with a propensity towards committing unlawful acts against the public, and to adequately train and supervise their administrators, agents, and employees to comply with the State Statute on Bullying and Sexual Harassment with the School District's written policy.

78. At all times relevant herein, the District and the School had a duty to protect the public, including Plaintiff, from the illegal actions of their own administrators, agents, employees and other students.

79. Defendants breached their respective duties, and are therefore negligent and liable to Plaintiff who had suffered physical and emotional injuries, mental suffering, deprivation of her liberty, and incurred significant financial obligations in transferring to a private school.

## COUNT VI

*NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*
*(Against All Defendants)*

80. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

81. As a result of Defendants' negligent conduct and omissions, Plaintiff suffered serious emotional distress, insecurity, damage to her self-esteem and self-worth.

82. That the Defendants' negligence was a substantial factor in causing Plaintiff's physical and emotional injuries, mental suffering, deprivation of liberty, and financial obligations incurred in transferring to a private school.

## COUNT VII

*VIOLATION OF I.L.C.S. Sec. 27-23.7*
*(Against Defendant School and School District)*

83. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

84. Illinois law requires that each school district must maintain a bullying policy in which reports of bullying are promptly investigated and addressed; and in which there are procedures to promptly inform parents or guardians of all students involved in the alleged incident of bullying.

85. Defendant administrators and school district failed to communicate, implement, and train the staff and teachers on how to prevent bullying, respond to incidences of bullying, and otherwise protect Plaintiff.

86. As a result of the violations described above, Plaintiff suffered physical and emotional injuries, mental suffering, deprivation of liberty, and financial obligations incurred in transferring to a different school for which tuition had to be paid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant judgment against the Defendant, awarding her:

a) Monetary damages in an amount that will fairly compensate her for her injuries;

b) Punitive damages in amount that will justly punish the individual Defendants for their actions; and

c) Tuition costs incurred by Plaintiff in sending her to a private school until she completes middle school.


Dated: May 19, 2017                                     Respectfully submitted,


                                                        */s/ Michael A. Ficaro*
                                                        Michael A. Ficaro
                                                        Elizabeth Zamora Meraz
                                                        Maureen C. Mullen
                                                        **NIXON PEABODY LLP**
                                                        Three First National Plaza
                                                        70 West Madison, Suite 3500
                                                        Chicago, IL, 60602-4224
                                                        (312) 977-4456
                                                        (844) 571-6778 (Facsimile)

                                                        *Attorneys for Jane Doe*